DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss (motion), filed June 9, 2009, as part of its Answer, requesting that the Complaint be dismissed. At issue are certain personal income matters for the 2006 tax year.
A case management conference was held August 13, 2009. Alfred L. Bagley appeared on his own behalf; Brian Rainwater, Tax Auditor, represented Defendant. Subsequently, written materials were submitted by the parties; the record closed September 14, 2009.
Defendant mailed its Notice of Deficiency to Plaintiff on October 15, 2008.[1] It was followed by a Notice of Deficiency Assessment on December 26, 2008. From that date, Plaintiff had 90 days to appeal to this court. ORS 305.280.[2] Those appeal rights expired March 26, 2009. Plaintiff's Complaint was mailed to this court on April 10, 2009. *Page 2 
At all times, Plaintiff has acknowledged that he postmarked the Complaint to the court more than 90 days after the date the Defendant's notice became final. See ORS 305.280(2) (2007);McDowell v. Dept. of Rev., TC-MD No 050812C at 2 (Nov 28, 2005) (citing ORS 305.280(2) and holding that taxpayer's appeal filed three days after the statutory deadline must be dismissed).
The Regular Division of this court has issued an Opinion on this matter. In Webb v. Dept. of Rev., 19 OTR 20, 21 (2006) it was held that: "* * * state statute(s) of limitations leave[s] taxpayer no state remedy unless the department is estopped from asserting the bar of ORS 314.415(1)(b)(A).[3]" Here, Plaintiff offers no probative evidence of misleading advice by Defendant prior to filing.
Although this finding may appear unfair, it is consistent with other similar cases decided by this court. Tirrill v. Dept. ofRev., TC-MD No 040694A (Aug 9, 2004) and Stubbs v. Dept. ofRev., TC-MD No 041047D (Mar 2, 2005).
Plaintiff may obtain relief in this case directly from Defendant. Defendant's representative stated that the "Doubtful Liability" process and review will commence upon the filing of a signed request form. Plaintiff was provided a copy of the form to submit. *Page 3 
This court has no equitable authority to waive or modify the statutory deadlines. Because the Complaint was filed after the statutory deadline, the court must grant Defendant's motion. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is dismissed.
Dated this ____ day of October 2009.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailingto: 1163 State Street, Salem, OR 97301-2563; or byhand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60days after the date of the Decision or this Decision becomesfinal and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattsonon October 21, 2009. The Court filed and entered this documenton October 21, 2009.
[1] Appropriate appeal information was included.
[2] All references to the Oregon Revised Statutes (ORS) are to 2007.
[3] ORS 314.415(1)(b)(A) (2003) cited is essentially the same as ORS 314.415(2)(a) (2007), which states:
 "The Department may not allow or make a refund after three years from the time the return was filed, or two years from the time the tax * * * was paid, whichever period expires later, unless before the expiration of this period a claim for refund is filed by the taxpayer in compliance with ORS 305.270."